L. BUCKI & SON, APPELLANTS, VS. D. B. MCKINNON, APPELLEE.

1. Under our statute (McClellan's Digest, Section 49, paragraph 823; Revised Statutes, Section 1075) the plea of never was indebted is only applicable to the common counts of a declaration. It is not applicable to a count upon a special contract.

2. Although a contract may be invalid because not executed in the form required by the statute, the only effect of such invalidity would be to bar actions to enforce the contract, or to recover damages for a breach of the same. In such a case a recovery could be had for services rendered in performance of the contract, upon the implied promise of the defendant to pay for such services as were received by him and beneficial to him. In such cases, upon a proper common count, evidence of the special contract can be received for other purposes than that of its direct enforcement.

3. An objection was made that the evidence varied from the bill of particulars in the following instances: The bill of particulars attached to the declaration described the logs concerning which suit was brought as "round and crude saw logs," while the evidence simply shows that the contract was for logs, without prescribing that they should be round and crude: *Held*, That the court takes judicial notice that all saw logs are, for all practical purposes, considered round and crude, and that the objection is the extremity of technicality and without substantial merit.

Appeal from the Circuit Court for Suwannee county.

The facts in the case are stated in the opinion of the court.

*J. S. White*, for Appellants.

No Appearance for Appellee.

LIDDON, J.:

The appellee brought an action of assumpsit against the appellants in the Circuit Court of Suwannee county. The declaration consisted of the common counts, including one for work and labor done by the plaintiff for the defendants at defendants' special instance and request, and a special count upon a contract for the delivery by the plaintiff to the defendants along side of defendants' railroad, of round and crude saw logs.

The judgment must be sustained upon the common counts for work and labor done. As the evidence offered and received without objection fully sustains such count, it is not necessary to more fully state the count upon the special contract.

To this declaration the defendants only plead never was indebted. Under our statute this plea was only applicable to the common counts of the declaration. It was not applicable to the count upon the special contract. McClellan's Digest, sec. 49, p. 823; Rev. Stat., sec. 1075. The verdict and judgment were for the plaintiff. A motion for a new trial being denied, defendants appealed.

At the trial the plaintiff offered in evidence a written contract between the parties. Various objections were made to this contract. One of these insisted upon is, that such contract was for lumbering, and was not executed in the presence of two witnesses, nor in conformity to the requirements of the statute in such cases made and provided. The statutes relied upon is Chapter 1470 laws of Florida, act of January 12th, 1866, and Chapter 1551 laws of Florida, act of December 12th, 1866; sec. 3, p. 208 McClellan's Digest. By these acts it is provided that all contracts appertain-

ing to agricultural and to the lumbering, rafting and milling business, in order to be valid, shall be made in writing and fully explained before two credible witnesses, shall also be in duplicate, one copy to be retained by the employer, and the other filed with some judicial officer of the State and county in which the parties may be residing at the date of the contract, with the affidavit of one or more witnesses setting forth that the terms of such contract were fully explained, and that the parties had voluntarily entered into and signed the same. In the absence of any plea to the count upon the special contract, and in view of the fact that the evidence not objected to was ample to support a verdict upon the common counts of the declaration, and such written contract being admissible in evidence upon the common counts, its admission upon such counts not being erroneous, we do not feel called upon to construe or determine the force and validity of the statute in question. This action was before the adoption of the Revised Statutes, which undoubtedly repeals the act invoked. So far as the common counts of the declaration were concerned, this suit was not an action to enforce a contract, nor for damages upon a breach of contract, but was brought to recover for services actually performed, and of which the defendants received the benefits. Conceding but not deciding that at the time of the trial in the court below the statute invoked was in full force, its only effect would be to bar actions to enforce the invalid contract or to recover for a breach of the same. In the case of Marcy vs. Marcy, 9 Allen, 8, text pages 14 *et seq.*, speaking upon a similar case, the court said: "Although he might not be able to maintain his action on the agreement, because he could not establish it by

competent proof, he might nevertheless recover a fair remuneration for his property, or the money which he had paid, from the person who had received the benefit of it. In other words, although he could not recover on the express contract, because it would come within the statute, he might resort to the implied promise which the law would raise on the part of the person who had enjoyed this consideration to pay for that which he had received. If, for example, goods were sold and delivered to a person on a promise by him to pay for them after the expiration of a year from the sale and delivery, it would be a valid defense to an action for the stipulated price that the contract of sale was not to be fully performed within the year. But if such defense were set up, and the contract thereby thrown aside, the law would let in proof of the value of the goods, and allow the plaintiff to recover upon a *quantum meruit*. Nor are we prepared to say that, on the trial of such an issue, it would not be competent to show the terms of the contract as evidence, in the nature of an admission, of the value of the consideration and the extent to which the defendant had been benefitted by it." In all these cases a count in *indebitatus assumpsit* has been inserted in the declaration so that the plaintiff would be entitled to recover the value of the executed consideration, although the contract itself might be within the statute.

Admitting the contract to be invalid, because not executed in the form prescribed by the statute, still a recovery can be had for services rendered in performance of the contract upon the implied promise of the defendant to pay for such services as were beneficial to him. In such cases evidence of a special contract may be received for other purposes than that of its direct

enforcement. Browne on the Statute of Frauds, sec. 124 *et seq.;* Arnold vs. Garst, 16 R. I. 4, 11 Atl. Rep. 167; Thomas vs. Dickinson, 14 Barb. 90; Hollis vs. Morris, 2 Harrington, 2; Hill vs. Hooper, 1 Gray, 131; Hambell vs. Hamilton, 3 Dana, 501; Roberts vs. Tennell, 3 Monroe, 247; Ray vs. Young, 13 Texas, 550.

The appellants also urge, although the specific objection was not made below except on a motion for a new trial, that the written contract above referred to varied from the bill of particulars attached to the declaration. The variance complained of is, that the bill of particulars described the logs, concerning which suit was brought, as round and crude saw logs, while the written contract provided only for logs, without prescribing that they should be round and crude. The word *round*, as applied to logs, has a well known meaning, indicating that their shape is circular or cylindrical. The word *crude*, as applied to saw logs, means their natural state or condition after having been severed from the remainder of the trunk and other portions of the tree. It means that they have not been polished or dressed, altered, refined or prepared for use by artificial process. We think it a matter of which we might take judicial knowledge, that all saw logs are round and crude. The word *round*, as applied to saw logs, does not mean in the shape of an absolute circle, that every point upon the circumference shall be equidistant from the center, but rather means circular, or inclining to a circle; *i. e.*, round to all ordinary intents and purposes. Therefore we think the objection of variance was the very extremity of technicality, and without substantial merit. If there were saw logs of different shapes, some square ones, or triangular ones, or if there were some that were not

crude, but polished or dressed, or in any way altered in shape, appearance or qualities, there might be merit in the objection.

The judgment is affirmed.