DOROTHY HARRIS, *Plaintiff in Error,* v. COCOANUT GROVE DEVELOPMENT COMPANY, AND ANOTHER, *Defendants in Error.*

1   A demurrer tests the cause of action as stated in the declaration and not the measure of damages.

2.   A cause of action arises immediately upon the wrongful discharge of an employee under contract for a definite time, and it is not necessary to await the termination of that time.

3.   A declaration entitled "In the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida," sufficiently states the venue in the margin.

Writ of error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Frederick H. Rand, Jr.,* for Plaintiff in Error;

*Jno. C. Grambling,* and *Shutts & Smith,* for Defendants in Error.

COCKRELL, J.—This is an action for breach of a contract of employment, for one year beginning October 1, 1911, at thirty-five dollars a week, and reimbursement of traveling expenses from New York City to Miami, Florida. The declaration consists of the common counts and also a special count alleging the contract and the discharge of the plaintiff Dorothy Harris without cause in December, 1911, the action following the discharge within one week. A demurrer to the declaration was sustained upon the ground that the action was premature and final judgment entered upon failure to amend.

We find the authorities against this ruling. Whatever may be the proper measure of damages at the trial of the cause, there can be no doubt that a cause of action is stated, and this alone is tested by a demurrer. The cases with striking unanimity hold that a cause of action immediately arises upon the wrongful discharge of an employee under contract for a definite time, and it is not necessary to await the termination of that period before asking the courts for redress; without exhausting the list of cases directly on this point we cite Pierce v. Tennessee Coal, Iron & Railroad Co., 173 U. S. 1, 43 L. Ed. 591, 19 Sup. Ct. Rep. 335; Davis v. Ayers, 9 Ala. 292; Paige v. Barnett, 151 Mass. 67, 23 N. E. Rep. 725; Roberts v. Rigdon, 7 S. E. Rep. 742; Litchenstein v. Brooks, 75 Texas, 196, 12 S. W. Rep. 975; Hamilton v. Love, 152 Ind. 641, 53 N. E. Rep. 181; 54 N. E. Rep. 437, 71 Am. St. Rep. 384; Howay v. Going-Northrup Co., 24 Wash. 88, 64 Pac. Rep. 135, 6 L. R. A. (N. S.) 1. These cases are in line with the decisions of this court in Sullivan v. McMillan, 26 Fla. 543, 8 South. Rep. 450, wherein we decided that upon an unequivocal breach of an executory contract the injured party might sue immediately for an entire

breach of the contract without awaiting the expiration of the time it would take to complete the contract, and though this was said of a contract to deliver logs, there can be no differentiation in the principle there announced because this is a contract to pay for services.

One other objection is made to the form of the declaration, that it does not state the venue in the margin. This is not a local action, but even were it so the declaration is entitled "In the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida." This should satisfy the most capricious stickler for the old time common law form of pleading.

With only a passing reference to the well established rule in this State that the demurrer should have been confined to the special count, and that the ground sustained did not apply to the common counts, the judgment cannot be sustained.

Judgment reversed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND HOCKER, J. J., concur.