CARL J. BAUMGARTNER, *Plaintiff in Error,* vs. THE HEARN CONSTRUCTION COMPANY, a corporation, *Defendant in Error.*

143 So. 289.

Division A.

Opinion filed September 30, 1932.

*James Royall,* for Plaintiff in Error;
*Milam, McIlvaine & Milam,* for Defendant in Error.

PER CURIAM.—The defendant in error was plaintiff in the court below in a suit to enforce the payment by the defendant, plaintiff in error here, to the plaintiff, defendant in error here, of a sum of money alleged to be due the plaintiff from the defendant for work done and material furn-

ished in the construction of an apartment house by the plaintiff for the defendant.

The record shows that the original contract between the parties was a verbal contract; that when about 80 per cent. of the work was completed the owner, defendant in the court below, appeared to find it hard to arrange his finances so as to pay the contractor and thereupon a written agreement was entered into under which the amounts due from the defendant to the plaintiff, that is from the owner to the contractor, were agreed upon and the owner then and therein agreed to secure the balance due from him to the contractor by a certain mortgage on the building and lot, which mortgage was to mature eight years after date.

When the building was completed the owner failed and refused to execute the mortgage in accordance with the terms of his agreement. After some delay, the contractor filed suit to enforce the payment, relying upon his initial contract and parol agreements as a basis for his recovery.

During the course of the trial the written contract was introduced for the purpose of showing the amounts agreed upon between the parties which was and would be due from the owner to the contractor upon the completion of the work. The contract was admitted in evidence to show the admissions on the part of the owner that the contentions of the contractor as to the amounts due were correct. Hazen vs. Cobb, 96 Fla. 151, 117 Sou. 853.

The agreement for the mortgage was admissible in evidence for the purposes for which it was offered.

The record discloses no reversible error and the judgment should be affirmed. It is so ordered.

Affirmed.

BUFORD, C.J. AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.