MURPHREE, Associate Justice.
The appellee, Doherty, was employed to manage the Colonnades Hotel Corporation, one of the appellants, and to assist Edwards, *687 the other appellant, in the management of his personal properties. Edwards was the principal stockholder of the corporation and chairman of the Board. Doherty claimed that he was employed for one year, upon condition that his services would be satisfactory to Edwards; and that, therefore, he could be discharged only if Edwards in good faith became dissatisfied with him. Appellants claimed that Doherty was employed on a month-to-month basis and could, therefore, be discharged at any time, with or without cause; but that if it should be determined that appellee’s version was correct, then Edwards did in good faith become dissatisfied with Doherty’s services and had a right to discharge him.
Doherty went to work on April 26, 1952, and was dismissed on July 26, 1952. He thereupon sued each of the appellants for breach of contract, and the two cases were tried together.
About the only thing the parties seem able to agree upon is that the law governing this controversy was decided in the case of Hazen v. Cobb-Vaughan Motor Co., 96 Fla. 151, 117 So. 853, 855, wherein this Court said:
“Where the contract of employment is for a definite term, if it provides that the services are to be performed to the satisfaction of the employer, it may be terminated by him at any time that he in good faith becomes • dissatisfied with the service of the employee, though no real or substantial grounds for dissatisfaction exist. The employer is in such case the sole judge as to whether the services are satisfactory, and the courts will not substitute their judgment for his as to the reasonableness, of the grounds of dissatisfaction. * * * But the general rule is that such dissatisfaction must be real and in good faith, not merely feigned, or capricious or mercenary. * * * A reservation of the right to discharge for reasons of the sufficiency of which the employer reserves the right to be the sole judge does not give the employer the right to terminate the contract without a reason or for a false reason. He must act in good faith.”
First of all, appellants contend that their Motions for Summary Judgment should have been granted because appellee’s affidavit filed in opposition thereto was not sufficient to raise for the jury the essential question in this case; namely, whether or not Edwards acted in good faith when he discharged Doherty. Examination of the affidavit reveals no substantial merit to this contention.
Next, appellants say that the Court should have granted directed verdicts in their favor because there was no evidence for the jury to consider as to the alleged bad faith on the part of Edwards in letting Doherty go. While we do not, necessarily, agree with the jury’s conclusion, nevertheless, upon a careful inspection of the record, we are constrained to agree that the jury was entitled to conclude from the entire evidence and all fair inference to be drawn therefrom that Edwards did not discharge Doherty for the reason that he had in good faith become dissatisfied with his services. Under such circumstances, it is elementary that this Court must not substitute its opinion for that of the jury.
Finally, appellants say that the trial court erred in refusing to give several requested instructions. The rules of. law. governing this case are to be found in Hazen v, Cobb, supra, and it is clear that the heart of the Court’s instruction was lifted from that very case and constitutes a correct and .fair exposition of the law. When the Court has done that, nothing more can be required, even though the instructions requested do not misstate the law. If, therefore, to refuse them could be called error, it was harmless.
Affirmed.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.