243 So.2d 605 (1971)
SOLUTEC CORPORATION, a Florida Corporation, Appellant,
v.
YOUNG & LAWRENCE ASSOCIATES, INC., a Florida Corporation, Appellee.
No. 69-684.
District Court of Appeal of Florida, Fourth District.
February 5, 1971.
George W. Phillips, Tampa, for appellant.
Eli H. Subin of Roth, Segal & Levine, Orlando, for appellee.
OWEN, Judge.
Appellant was defendant who suffered an adverse judgment following a jury trial in an action for quantum meruit. Reversible error has not been shown and we therefore affirm the judgment.
Defendant is an embryo corporation possessing patents for certain technical equipment which it proposed to manufacture and market. Lacking any sales organization *606 or marketing know-how, defendant employed the plaintiff corporation as a marketing consultant and its national sales representative. The technical nature of the product involved required the plaintiff to perform various services such as preparing technical manuals for the sales force, technical training for salesmen, outlining an advertising and promotion program, and consulting with the defendant on production schedules and prices. These services commenced in late 1966 and continued through December, 1967, at which time they were terminated. The parties never reached an agreement as to the compensation the plaintiff would receive for such services. When the plaintiff was originally employed, its president, Mr. Young, submitted in writing an offer to perform these various services for a fixed retainer of $5,500, plus 20% commission on gross sales. This written offer in the form of a letter dated September 8, 1966, was never accepted. Despite the plaintiff's efforts no sales resulted up to the time the services were terminated in December, 1967, nor had the defendant paid plaintiff any compensation for the services performed.
The suit as originally filed was in two counts, the first alleging an express oral agreement as outlined in Mr. Young's written offer of September 8, 1966, and the second count seeking recovery on a theory of quantum meruit for the reasonable value of the services furnished. Defendant's answer denied that there was an express agreement between the parties and at trial, plaintiff abandoned Count One proceeding to trial solely on the theory of quantum meruit. Evidence offered by the plaintiff included testimony as to the nature and extent of the services performed, and opinion testimony as to the reasonable value of such services. The jury verdict was within the range of such opinion testimony.
Appellant's first point is that in a suit based on quantum meruit, the plaintiff cannot recover compensation which is not reasonably implied by the circumstances to have been agreed upon by the parties. The point presents a contradiction in itself and is without merit. Any proof of an express agreement between the parties as to the compensation to be paid for the services rendered would defeat rather than sustain an action based upon quantum meruit which is, of course, one of the common counts under the form of action historically known as general assumpsit. The court's opinion in the case of Hazen v. Cobb, 1928, 96 Fla. 151, 117 So. 853 contains a scholarly discussion of the historical difference between general assumpsit and special assumpsit and supports the view that the law will not imply a contract where a valid express contract exists. See also Bloom v. Frese, Fla.App. 1960, 123 So.2d 47.
Appellant also contends that in a suit for damages based on quantum meruit, it is error to permit the case to go to the jury in the absence of any evidence of value to the defendant. The measure of recovery in a case of this type is the reasonable value of the labor performed and the market value of any materials furnished, and not the value to the defendant that the completed project represents. Moore v. Spanish River Land Co., 1935, 118 Fla. 549, 159 So. 673.
Plaintiff called as a rebuttal witness its president, Mr. Young, who testified that his company would not have been willing to perform the marketing services (as opposed to sales representation) for compensation limited only to commission on sales. By way of attempted impeachment the defendant offered in evidence a copy of the written proposal submitted by Mr. Young under date of September 8, 1966. Appellant contends that the court's refusal to allow such document in evidence was harmful and prejudicial error. It is clear that the document could not have been offered as evidence of an express agreement between the parties as to the manner of compensation because all of the evidence established that the defendant *607 never accepted such proposal. Our examination of the document satisfies us that it is not contradictory of Mr. Young's rebuttal testimony and hence the court did not abuse its discretion in rejecting the proffered impeaching testimony. Winner v. Sharp, Fla. 1949, 43 So.2d 634.
Appellant's final point is directed toward the court's denial of defendant's request that the jury be admonished to disregard certain argument of plaintiff's counsel alleged to be imflammatory and based on matters not supported by the record. In examining the record, we find not only that the court did in each instance admonish the jury to base its verdict solely on the evidence in the case, but also that the argument of counsel was not such as could fairly be said to be prejudicial or inflammatory. Cf. H.I. Holding Co. v. Dade County, Fla.App. 1961, 129 So.2d 693.
The judgment is affirmed.
Affirmed.
WALDEN and REED, JJ., concur.