343 So.2d 1288 (1977)
Arthur C. KLARISH, Appellant,
v.
Stephen H. CYPEN, Appellee.
No. 75-1301.
District Court of Appeal of Florida, Third District.
March 8, 1977.
Rehearing Denied April 18, 1977.
Greene, Layne & Immer, Friedman & Britton and Edward A. Kaufman, Miami, for appellant.
Podhurst, Orseck & Parks, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Arthur G. Klarish, defendant in the trial court, appeals a final judgment awarding plaintiff, Stephen H. Cypen, a reasonable attorney's fee of $30,000.
The questions presented for our consideration are whether an agreement existed between the parties as to an attorney's fee and secondly, if an agreement did not exist, is an attorney limited to the amount stated in the agreement believed by him to be valid or may he recover the reasonable value of his services when that value exceeded the amount in the alleged agreement.
*1289 Appellant Klarish retained Irvin Cypen to represent him in a dissolution of marriage action. It was initially agreed that in the event the proceeding was uncontested Cypen's fee would be $1,000 plus costs and Klarish paid Cypen a $1,000 retainer. However, the action was contested and on June 6, 1973 Cypen sent Klarish a letter setting out a minimum fee of $5,000 plus an incentive fee schedule based upon the duration of the alimony payments, i.e. the shorter the alimony period, the higher the fee. This letter also required an additional $1,500 retainer which Klarish paid. A dissolution of marriage judgment was entered with a four-year alimony provision. Irvin Cypen assigned his claim for services to Stephen Cypen who, pursuant to the fee schedule in the June 6 letter, rendered a statement for $13,111.03 to Klarish. Klarish refused to pay the bill contending that he and Irvin Cypen had agreed to a $5,000 fee. Thereupon, Stephen Cypen filed suit to recover for the legal services rendered. He declared on the express agreement as evidenced by the June 6, 1973 letter in the first count of his complaint and in the alternative on quantum meruit in the second count. The cause was tried non-jury and the trial judge found that there was not a meeting of the minds with respect to the amount of the fee and, therefore, there was no express agreement between the parties. Thus, plaintiff was permitted to proceed in quantum meruit. Based upon the evidence as to the reasonable value of the legal services rendered, Cypen was awarded $30,000 (less the $2,500 retainer) plus the costs incurred in the dissolution proceeding.
Going to the first question as to whether an agreement existed between the parties as to an attorney's fee, the record reveals that the parties were hopelessly in conflict as to the amount of Cypen's fee and, therefore, we find no error in the judge's determination that no valid fee agreement existed between them. The existence of a contract for legal services, its terms, conditions and nature are issues for the trier of the fact. Lamoureux v. Lamoureux, 59 So.2d 9 (Fla. 1951).
Turning to the second issue presented, appellant Klarish contends that the amount of recovery is limited to the amount stated in the disputed contract and in support cites to Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928); Solutec Corporation v. Young & Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971). These cases are factually distinguishable from the case at bar and are not controlling. In Hazen, supra and Solutec Corporation, supra, there was no disagreement as to the contract price and the contracts were only partially performed. In Ballard, supra, the plaintiff abandoned his count declaring an express contract. In the instant case there being no agreement as to the fee, we find the following statement of law in 66 Am.Jur.2d, Restitution and Implied Contracts § 63 at 1009 (1973) to be dispositive of this issue:
"63.  Indefinite agreements; failure of minds to meet.
"One who performs services in reliance upon an agreement which is void for indefiniteness, but which he believes to be valid, is entitled to recover the reasonable value of the services upon an implied contract arising out of their rendition upon request, and in the known expectation of receiving compensation therefor. The generally recognized doctrine is that although there was no contract, because the minds of the parties did not meet as to some of the essential terms thereof, a party thereto who furnishes material or renders services to the other party, relying on the terms as he understood them and thinking there was an express contract, is entitled to recover what the labor or material furnished was reasonable worth, even though it is in excess of the specified price. This is true where the minds fail to meet as to the compensation to be paid,..."
We find no error in the trial judge's determination that no valid agreement existed and the award of $30,000 is within the limits of the expert testimony. Therefore, it would not be appropriate for us to reevaluate, *1290 and we will not, the evidence on the record and substitute our judgment for that of the trial court. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976).
Affirmed.
PEARSON, Judge (dissenting).
It seems to me that the question presented is: May an attorney perform legal services under a claimed contract of employment specifying a definite charge for the service and, after having rendered a statement of amount due under the contract and upon the client's denial of the contract amount, recover the reasonable value of his services when that reasonable value exceeds the amount specified in the claimed contract? I would hold that the amount of the recovery is limited to the amount recoverable under the claimed contract of employment.
I think that in a case such as this, where the plaintiff has declared upon the express contract and has gone to the jury on his proof of that contract, that the value therein that the plaintiff has set upon his services is the maximum amount that he can recover without proof of additional damages. See Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928); Solutec Corporation v. Young & Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971); and Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971). A recovery of an additional amount for the same services performed under the contract would be a reward to the plaintiff in the nature of punitive damages against the defendant because of the defendant's denial of the contract for services.
Therefore, the judgment should be reversed in part as to the amount of damages awarded, and the cause remanded with directions to enter an amended final judgment awarding the plaintiff $11,833.00 as the balance due upon his fee for services rendered to the defendant and, in addition, to award plaintiff the costs advanced in the original proceedings as well as costs in the trial court.