372 So.2d 956 (1979)
George G. LEVIN, Appellant,
v.
Terrence E. ROSENBERG and Gerald Pomerantz, Appellees.
No. 78-1617.
District Court of Appeal of Florida, Third District.
June 19, 1979.
Rehearing Denied July 23, 1979.
*957 Weiner & Rubin and Irwin J. Weiner, Miami, for appellant.
Penzell & Diamond, Miami, Proby & Adkins and Lucien C. Proby, Jr., Coral Gables, for appellees.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellees were employed as counsel for the appellant pursuant to a letter agreement, which reads as follows:
.....
"Re: Del-Florida Corporation vs. Larry C. Griggs, Inc., et al.

.....
"Pursuant to our oral conversations, we will agree to represent you in the above-styled matter, and any further law suits originating from that matter of other related persons or interests, for the following compensation:
"$10,000.00 fee to be paid as follows: $5,000.00 upon acceptance of this agreement, $2,500.00 (30) days thereafter or upon any settlement reached, $2,500.00 (60) days thereafter or upon any settlement reached, plus a contingent fee to be as follows:
"50% of all monies, debt, stock or compensation recovered over the sum of $600,000.00 (To be paid upon disbursement). "It is agreed and understood that should there be an exchange of lands, stock, security or other property, or consideration of any kind, the percentages above would apply.
"Costs are to be reimbursed as billed, monthly."
.....
Before the litigation was terminated, the appellees were discharged. The client then settled the matter for a total recovery to him of $500,000.00.
The appellees subsequently sued for fees based on a quantum meruit evaluation of their services. The client defended on the ground that no fees were owed because the attorneys were discharged for cause. The trial court found that there was no justification *958 for the discharge and, therefore, the client was liable for fees. Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538 (1938); Osius v. Hastings, 97 So.2d 623 (Fla. 3d DCA 1957), vacated on other grounds Hastings v. Osius, 104 So.2d 21 (Fla. 1958); Rosenkrantz v. Hall, 161 So.2d 673 (Fla. 3d DCA 1964). The trial court then [notwithstanding the fact that after the attorneys were discharged the client settled the matter for a total recovery to him of $500,000.00] awarded a total recovery of $55,000.00. We affirm the former and reverse the latter.
The appellees contended that after they were discharged they could ignore the terms of the written agreement, and the trial court was free to award them a fee based on a quantum meruit claim in light of the recovery made by the client, notwithstanding the contract. The trial court agreed with this theory, ignored the written terms of the contract, and awarded the $55,000.00 above referred to.
A client has a right at all times to discharge counsel. Goodkind v. Wolkowsky, supra; Diem v. Diem, 136 Fla. 824, 187 So. 569 (1939); Harvey v. Rowe, 141 Fla. 287, 192 So. 878 (1940); Osius v. Hastings, supra. The ultimate question is whether he will have to compensate the discharged attorney and, if so, the amount of any such compensation. Because the attorneys had been [upon finding of the trial court] discharged without cause, they are entitled to recovery of a fee, leaving only the question of the amount of said fee.
The letter agreement of employment [the validity thereof not being questioned] provided for the attorneys to receive no more than $10,000.00 if the client recovered less than $600,000.00. Under the existing law, where an attorney is discharged without cause when he was employed for a specified purpose and for a definite fee, he is entitled to the fee agreed upon after there has been substantial performance. Goodkind v. Wolkowsky, supra; Rosenkrantz v. Hall, supra. In the alternative, he can seek to recover a fee on the basis of quantum meruit for services rendered up to the date of discharge. Goodkind v. Wolkowsky, supra. However, in no event can he recover more for his services than the maximum amount he himself has set on those services by contract. See: Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928); Solutec Corporation v. Young & Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971).
The appellees rely on Klarish v. Cypen, 343 So.2d 1288 (Fla. 3d DCA 1977) as authority for awarding an amount in excess of the figure contracted for by the parties. However, as that case clearly shows, no valid fee agreement existed between the parties, thereby permitting award of a fee strictly on the basis of quantum meruit. Therefore, we interpret Klarish v. Cypen, supra, as permitting a quantum meruit recovery for an attorney wrongfully discharged to be limited to an amount not to exceed the original contract sum where the validity of that contract is not challenged. Thus, under the facts of the instant case, the appellees' recovery should be limited to a maximum of $10,000.00.
We reverse the final judgment under review and return the matter to the trial court to determine the measure of damages due the attorneys, based upon quantum meruit for the portion of the services they may have rendered in the ultimate settlement, keeping in mind that the fee fixed must bear a just relation to the prevailing philosophy with reference to the value of the lawyers' services and must bear some relation to the results secured. Baruch v. Giblen, 122 Fla. 59, 164 So. 831 (1936). However, in no event can the amount awarded exceed the contract price of $10,000.00.
Reversed and remanded, with directions.