418 So.2d 1187 (1982)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
ACME ELECTRICAL CONTRACTORS, INC., Appellee.
No. 80-284.
District Court of Appeal of Florida, Fourth District.
September 1, 1982.
Rehearing Denied October 1, 1982.
*1188 Eugene L. Heinrich and John R. Hargrove of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellant.
Borden R. Hallowes, Boca Raton, and Edna L. Caruso, West Palm Beach, for appellee.
HURLEY, Judge.
Southern Bell appeals a jury verdict which awarded $309,000 as a quantum meruit return to Acme Electrical in a quasi-contract action. Since there is record evidence supporting this verdict, we affirm.
Southern Bell sought bids for the construction of an addition to one of its buildings. Acme Electrical Contractors, Inc., (Acme) was the electrical subcontractor under the final contract signed between Southern Bell and the general contractor. The proposed addition was to cost approximately $1,700,000. The electrical costs of this addition were $304,000.
As work on the addition progressed, Southern Bell began requesting many changes in the electrical portion of the new construction. Acme, which had no express contract with Southern Bell, performed these requested changes. Since many of the changes Southern Bell requested were "last minute" in nature, Acme incurred significant expenses in the form of labor costs as electricians waited for Southern Bell to complete its plans. Southern Bell's changes also extended the project's completion date from an estimated nine months to eighteen months duration. This extension resulted in significant additional overhead expenses for Acme. For example, even though many of the changes requested by Southern Bell were outside the contract between Southern Bell and the general contractor, Southern *1189 Bell insisted that Acme submit its requisitions for payment through the general contractor. The general contractor, knowing nothing of these changes, refused to authorize payments on many of the invoices or for the labor expended. An explosion of paperwork, as Acme submitted invoices to the general contractor, then to Southern Bell, resulted. Although Southern Bell admitted paying Acme for $113,000 worth of extras, Acme claimed that more than $300,000 was still due. Consequently, Acme sued Southern Bell in a quasi-contract action, seeking a quantum meruit return to prevent Southern Bell's unjust enrichment. After a lengthy trial, the jury returned a $309,000 verdict in Acme's favor. Southern Bell appealed, arguing (1) that there can be no action in quasi-contract where an express contract between the parties exists, (2) that there was an accord and satisfaction between the parties and (3) that there was insubstantial evidence to support the jury's award.
Southern Bell's first argument rests on the principle that the law will not imply a contract where a valid express contract exists. Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (Fla. 1928); Solutec Corp. v. Young and Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971). Professor Corbin, calling this statement "misleading," notes that its real meaning is the following:
[W]here the parties have made an express contract, the court should not find a different one by "implication" concerning the same subject matter if the evidence does not justify an inference that they intended to make one... . [T]he fact that an express contract has been made does not prevent the parties from making another one tacitly, concerning the same subject matter or a different one.
3 A.L. Corbin, Corbin on Contracts § 564 (1960 ed.). Florida has followed this statement of the law. In DeLotto v. Fennell, 56 So.2d 518 (Fla. 1952), the Supreme Court noted that where a construction contract exists and changes or alterations are requested "the law implies an obligation to pay the reasonable costs thereof in addition to the stipulated sum named by the parties in the original agreement." 56 So.2d 518, 520. In the instant case, there was no express contract between Southern Bell and Acme. If the law allows quasi-contract recovery where an express contract already exists, it certainly will do so where there is no contract between the parties. For these reasons, we have no difficulty in finding that Acme properly stated a cause of action against Southern Bell.
Southern Bell's second point on appeal is that an accord and satisfaction occurred between Southern Bell and Acme. Thus, Southern Bell maintains, Acme had no right to sue in the face of this defense.
Southern Bell's accord and satisfaction argument stems from a meeting in Jacksonville, Florida where Acme and Southern Bell representatives met to discuss Acme's claims. The meeting resulted in Acme's accepting a check for some $47,000 on claims of approximately $80,000 against Southern Bell. Testimony indicated that Acme's cash flow problems, rather than a resolution of the underlying dispute, prompted Acme's acceptance of the check.
Generally, the determination of whether there is an accord and satisfaction is left to the finder of fact. Whether an accord and satisfaction exists is ordinarily a pure question of intent. Best Concrete Corp. v. Oswalt, 188 So.2d 587 (Fla. 2d DCA 1966). In the instant case, the evidence of the parties' intent was conflicting. The jury, as finder of fact, resolved this conflict against Southern Bell. We are bound by that determination.
Finally, Southern Bell argues that there was no substantial competent evidence to support the jury's award in favor of Acme. Admittedly, the voluminous record in this case is filled with contradictory evidence as to what was owed and what had already been paid. After a detailed review of the record and the evidence, however, we find that substantial competent evidence exists which fully supports the jury's verdicts.
For these reasons, the judgment below is affirmed.
*1190 DOWNEY, J., concurs.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting.
I disagree with the majority opinion as to the issue of accord and satisfaction. Under the facts and proofs in this case, I believe accord and satisfaction was demonstrated as a matter of law and I would thus reduce the judgment by approximately $34,000 and affirm with this modification.