PER CURIAM.
The defendant Fred McGilvray, Inc. (“McGilvray”) appeals an adverse final judgment entered upon a jury verdict in a suit for a brokerage commission brought below by the plaintiff mortgage broker, The Delphian Group, Inc. (“Delphian”). The suit below was originally brought on breach of contract and quantum meruit theories, but at the outset of trial, the plaintiff Delphian abandoned its breach of contract count and proceeded solely on its quantum meruit count. The ensuing verdict and final judgment were therefore based entirely on a quantum meruit theory. The defendant McGilvray urges as its central argument on appeal that the trial court erred in denying a defense motion for a directed verdict because a quantum meruit recovery was barred in this case as a matter of law. Upon full study of the record and applicable law, we cannot agree with this contention.
There was ample evidence adduced at trial that no express contract was ever entered into between the parties; indeed, Mr. Oscar Calleja, executive vice-president of the defendant McGilvray, conceded as much during his testimony below. It therefore follows that quantum meruit recovery was not barred in this case, as urged, on an express contract theory. Hazen v. Cobb, 96 Fla. 151, 117 So. 853, 857-58 (1928). Southern Bell Telephone & Telegraph Co. v. Acme Electrical Contractors, Inc., 418 So.2d 1187 (Fla. 4th DCA 1982). There was also sufficient evidence adduced below that the plaintiff Delphian conferred a benefit upon the defendant McGilvray which was compensable on a quantum me-ruit theory. Although the evidence is in dispute, there was substantial competent evidence upon which a jury could have concluded that the plaintiff Delphian produced a loan offer from a reputable bank for the defendant McGilvray on terms which McGilvray stated it wanted. As such, the plaintiff Delphian as the broker was entitled to recovery for services rendered on a quantum meruit basis. Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876 (1944); Mead Corp. v. Mason, 191 So.2d 592 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 813 (Fla.1967); National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., 160 So.2d 53 (Fla. 3d DCA 1964). Finally, there was sufficient evidence adduced below to establish an appropriate measure of damages in this case. The invalid contract herein, although not agreed to by the parties, was properly looked to below in measuring the value of the services rendered. Hazen v. Cobb, supra, 117 So. at 858. (“[T]he invalid or otherwise inadmissible express contract may be introduced in evidence on the question of the value of the services performed or the goods furnished.”); 12 S. Williston, A Treatise on the Law of Contracts § 1478 (1980) (Invalid contract may be evidence of the value of services rendered to the defendant on a quantum meruit basis.)
The defendant McGilvray raises other points upon this appeal which we have examined and found to be insufficient to upset the judgment under review. See e.g., Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 680 (Fla. 3d DCA 1980); § 90.702, Fla.Stat. (1981). The final judgment under review is, accordingly,
Affirmed.