MILLS, Judge.
Nelson P. Davis appeals from an order dismissing with, prejudice his second amended complaint for failure to state a cause of action.
On 8 March 1978, the Department of Health and Rehabilitative Services (HRS) published an advertisement soliciting competitive bids for construction of a new facility which would be constructed for lease to HRS to accommodate co-location of four HRS offices in the Ft. Walton Beach area. HRS distributed to interested bidders an Invitation to Propose.
HRS scheduled a pre-bid conference and invited all interested bidders to attend. The purpose of the pre-bid conference was to provide all bidders with a common understanding of the interpretation to be placed upon the Invitation to Propose and specifications, and to provide any additional information needed to enable the prospective bidders to develop a competitive bid.
During the pre-bid conference, appellant (Davis) asked to be informed of the extent to which the building was to be occupied and used by HRS so as to enable him to reasonably estimate the cost of providing air conditioning, utilities maintenance and other services. The HRS representatives present responded by stating that all bidders should assume that the facility would be used for HRS personnel only during normal working hours which they stated were 8:00 a.m. to 5:00 p.m., Monday through Friday, except holidays. Davis prepared his bid based on that understanding.
On 25 April 1978, Davis submitted his bid to HRS and was subsequently awarded the contract. Davis constructed the facility and leased it back to HRS, which began using the facility on or about 1 February 1979. Shortly thereafter, Davis was notified by HRS that it would, from time to time, be using the facility beyond the hours of 8:00 a.m. to 5:00 p.m., and that Davis would be expected to provide the air conditioning, heating, lighting and janitorial services necessary at no additional cost to HRS.
Davis informed HRS that if HRS used the facility beyond the hours of 8:00 a.m. to 5:00 p.m., it would exceed the use of the facility to which Davis and HRS agreed, and that such additional use of the facility would cause him to incur costs in excess of the rent that HRS had agreed to pay; and that it would be necessary for HRS to compensate him for his additional costs.
HRS then informed Davis that it interpreted the lease to mean that Davis was obligated to provide the services 24 hours per day, 365 days per year, and that HRS would not pay additional compensation. HRS has continued to use the facility beyond the hours 8:00 a.m. to 5:00 p.m. and has refused to pay additional compensation to Davis.
On 8 August 1983, Davis filed a complaint with the trial court. On 30 August 1983, HRS filed a motion to dismiss which *212 was heard on 20 October 1983. Thereafter, on 26 October 1983, the trial court entered an order granting HRS’ motion to dismiss. On 30 November 1983, Davis filed an amended complaint. On 19 January 1984, the trial court conducted a hearing and granted HRS’ motion to dismiss amended complaint. Before concluding the hearing, the trial court granted Davis’ motion for leave to amend complaint and allowed the second amended complaint to be filed. The trial court then sua sponte dismissed with prejudice the second amended complaint for failure to state a cause of action, and on 9 February 1984 entered an order to such effect.
The second amended complaint set forth separate and alternative counts for: (1) fraudulent inducement; (2) breach of contract; (3) declaration of rights; and (4) unjust enrichment.
As to counts (1), (2), and (3) of the second amended complaint, each of the required elements is present. Each of the elements for each of these counts is pled with specificity and clarity.
The essence of HRS’ argument is that Davis could not prevail as to any of the counts because the lease is clear and unambiguous on its face. Davis was told that the facility would be used from 8:00 a.m. to 5:00 p.m., Monday through Friday, excluding holidays. He reasonably and justifiably relied on that information in preparing his bid. He had no duty to further inquire, Bessett v. Basnett, 389 So.2d 995 (Fla.1980). Further regarding Counts (1), (2), and (3), the relevant tests of sufficiency are met.
Likewise the count as to unjust enrichment appears well founded. The law will not imply a contract where a valid express contract exists. Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928); Solutec Corp. v. Young and Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971). But where a contract exists and changes or alterations are requested by the owner, the law does imply an obligation to “pay the reasonable costs thereof....” DeLotto v. Fennell, 56 So.2d 518 (Fla.1952). See Southern Bell Tel. & Tel. Co. v. Acme, etc., 418 So.2d 1187 (Fla. 4th DCA 1982). If the trial court finds that the lease terms incorporated the use limitation developed during the pre-bid conference, then Davis will be entitled to reasonable payment for use of the facility in excess of that agreed upon.
In order for Davis to be entitled to a trial on the merits, he need only have pled one cause of action adequately. The second amended complaint adequately states a cause of action for all counts. Davis is entitled to a trial on the merits.
Reversed and remanded for a trial on the merits as to all counts.
ERVIN, C.J., and ZEHMER, J., concur.