WENTWORTH, Judge.
Appellant seeks review of an order denying its claim for damages in a breach of contract action. We conclude that the court erred by declining to find an actionable breach, and we therefore reverse the order appealed.
Appellant entered into an agreement with appellee to provide design services for a congregate living facility. The agreement identified the services to be provided, *367 and specified appellant’s compensation with a schedule of payments. Performance under the agreement was conditioned upon appellee’s authorization and acceptance of appellant’s design proposal.
Appellee subsequently informed appellant that its services were no longer desired. This decision was made after a change in appellee’s corporate officers, and was ostensibly based upon appellee’s dissatisfaction with certain provisions in the parties’ agreement. At the time the decision was made appellant had not yet made a formal presentation or received approval of a final design plan.
Appellant sought damages for appellee’s termination of the agreement. A hearing was held and the court determined that the parties’ agreement was intended to serve as a contract. However, the court noted that no standard was provided in the agreement regarding appellee’s acceptance or rejection of appellant’s design proposal. Concluding that appellee could accept or reject the proposal “at its option,” the court determined that appellant therefore can not recover any damages.
Even though the parties’ contract was executory, appellee’s termination of the agreement may constitute an actionable breach subjecting it to liability for appellant’s damages. See Southern Crane Rentals v. City of Gainesville, 429 So.2d 771 (Fla. 1st DCA 1983). The contract contains no express provision which would empower appellee to unilaterally terminate the agreement, and such a right should not be implied. See generally, Southern Crane, supra. While the contractual obligations are conditioned upon appellee’s authorization and approval of appellant’s design proposal, this is a requirement of personal satisfaction which must be exercised in good faith upon an honest evaluation of appellant’s performance. See Cartozian & Sons, Inc. v. Ostruske-Murphy, Inc., 64 Wash.2d 1, 390 P.2d 548 (1964); see also, Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928). Appellee’s termination of the parties’ agreement was not based upon an honest dissatisfaction with appellant’s performance, and thus constitutes an actionable breach subjecting it to liability for damages.
The order appealed is reversed and the cause remanded.
SMITH, C.J., and WIGGINTON, J., concur.