PER CURIAM.
Jorge and Mario Williams appeal an order dismissing their third amended complaint with prejudice. We conclude that there must be further proceedings and remand for that purpose.
In ruling on a motion to dismiss, the trial court must read the complaint in the light most favorable to the plaintiff. See Lopez-Infante v. Union Central Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002) review denied, 832 So.2d 106 (Fla.2002). Read in that light, it is clear that plaintiffs-appellants intend to rely on an exception to the Statute of Frauds. See Brodie v. All Corp., 876 So.2d 577, 579 (Fla. 4th DCA 2004). Further, plaintiffs have alleged alternatively that if there is no enforceable contract, then they are entitled to compensation for unjust enrichment or quantum meruit, for certain benefits conferred on defendant-appellee. See Hull & Co., Inc. v. Thomas, 834 So.2d 904, 906-07 (Fla. 4th DCA 2003); Peoples Nat’l Bank of Commerce v. First Union National Bank, 667 So.2d 876 (Fla. 3d DCA 1996); Fred McGilvray, Inc. v. Delphian Group, Inc., 424 So.2d 891, 892 (Fla. 3d DCA 1982).
The defendant argues that certain other documents in the case demonstrate that the plaintiffs’ claim is without merit. This reversal is, of course, without prejudice to the filing of a motion for summary judgment if appropriate.
Reversed and remanded for further proceedings consistent herewith.*

 In view of the representation that the plaintiffs no longer occupy the premises, it appears that *614 the defendant’s appeal regarding the deposit of the rent is moot.