No. 9643.

LANE *v.* GOODING, ET AL.

Decided November 8, 1920.

Action for attorney fees.   Judgment for plaintiffs.

*Affirmed.*

1. ATTORNEY AND CLIENT—*Contract.*  Where attorney and client enter into a contract providing for the payment of attorney fees, the client will be at least liable on *quantum meruit,* if not on the agreement, where he puts it out of the power of the attorney to complete the contract.

2. CONTRACT—*Construction.*  Where a contract between attorney and client is for legal services pertaining to a *cause of action,* the contract does not limit the services to a trial in the district court, but extends to such as are necessary for securing redress for a violation of the client's rights.

*Error to the District Court of Routt County, Hon. John T. Shumate, Judge.*

Mr. ALBERT G. CRAIG, for plaintiff in error.

Mr. A. M. GOODING, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

GOODING and Wessels were plaintiffs below and had a verdict and judgment for $1,000.00 upon a *quantum meruit,* for services as attorneys.   They entered into a written contract with Lane, defendant below, "to perform all legal services incident or pertaining to a certain cause of action

wherein John W. Lane is plaintiff and Elbert J. Lyon is defendant, pending in the District Court of Morgan County," for a contingent fee of $2,000.00 payable in land. The suit of *Lane v. Lyon* was transferred to Routt County, Lane was there defeated, a writ of error was sued out of this court pending which Lane employed other counsel, and, without notice to Gooding and Wessels, settled with Lyon. The present suit was brought by Gooding and Wessels upon the contract but the complaint contained a count in *quantum meruit* upon which the verdict and judgment were rendered.

Since Lane put it out of his attorney's power to complete the contract, he was at least liable on *quantum meruit,* if not upon the contract.

It is claimed that the contract referred only to the action in the district court, but we do not think that is a reasonable construction of it. The contract refers to "cause of action" not suit or action; therefore the attorneys were employed not merely to complete the proceedings which constituted the *action* in the district court but to secure for their client redress for the violation of some right which right and violation constituted his *"cause* of action." The parties evidently so understood it, because the attorneys without further contract took the matter to this court, and Lane requested them to advance and repaid to them costs for that purpose; furthermore we think a contract for a contingent fee to cover services in the lower court merely would be rather unusual.

The above considerations make it unnecessary to notice the question whether, in view of the contract, Lane had power to abandon his suit against Lyon without the consent of his attorneys, and several other questions which are noticed in the briefs.

The judgment is affirmed.

MR. JUSTICE SCOTT and MR. JUSTICE BAILEY, not participating.