## No. 9931.

### OWENBEY v. SILVERSTEIN.

Decided Nov. 8, 1920.    Rehearing denied Jan. 10, 1921.

Action under sec. 21 of the code, to determine a claim which defendant is alleged to have asserted against plaintiff. Judgment for defendant.

### Reversed.

### On Application for Supersedeas.

1. CONTRACT—*Form.* A letter which is intended to state the terms of a contract is conclusive of the matters which it covers and the parties are bound by its terms.

2. APPEAL AND ERROR—*Contract.* It is error for a trial court to leave to the jury the matter of determining what the terms of an express contract are, instead of directing them to the terms of a letter covering the matters involved, which is conclusive upon the parties.

3.    *Instructions—Exceptions.* Where a litigant by his counsel states clearly to the court his objections to instructions on a particular point, and offers instructions thereon, to the refusal of which he duly excepts, the question may be presented for review although there were no formal exceptions to the instructions as given.

4. ATTORNEY AND CLIENT—*Attorney Fees.* An attorney who has entered into a contract to perform services for a client in connection with certain litigation, for a specified amount, is entitled to receive additional compensation for services rendered, which are not mentioned in, nor covered by the contract.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. B. F. REED, Mr. ROBERT W. STEELE, JR., Mr. RUSSELL W. FLEMING, for plaintiff in error.

Mr. G. DEXTER BLOUNT, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

OWNBEY brought suit under § 21 of the Code, which provides for action by one person against another to determine a claim made by the latter against the former. The defendant, Silverstein, had a verdict and judgment for upwards of $7,000. Ownbey asks for a supersedeas.

The material facts are that about April 20th, 1916, Ownbey employed Silverstein as attorney to perform legal services in connection with certain litigation, referred to as the Wootton litigation and the Delaware litigation, and had some agreement about fees. The defendant, Silverstein, performed services in these matters until July 11th, 1917, when he wrote the following letter:

Denver, Colo., July 11, 1917.

Col. J. A. Ownbey,
 Boulder, Colo.
Dear Sir:

This is to acknowledge receipt of retainer of $500.00, which was agreed upon at the time I came into the litigation instituted by the Morgan executors and the Wootton Company against yourself in the United States Court.

At your request I also add in this letter the terms of our understanding in relation to fees. It is our agreement that my fee shall be $5,000.00 in this litigation, this to cover all services rendered and to be rendered to the end of the litigation, even if the case goes to the Supreme Court of the United States, and including whatever services I may be able to render in the Delaware litigation. In the event that we succeed in getting an allowance for you on your claim against the Wootton Company in the accounting now pending before the Master in Chancery above the amount stated in the original and supplemental Report already on file with the Master, then I am to receive twenty per cent of such additional amount at the time it is paid.

Of course, it is understood that in the event that the litigation goes entirely against us, then my fee will not be in accordance with the above, but will be based on a very

reasonable allowance for the time actually spent; in any event, not to exceed one-half of the above amount.

Yours very truly,

(Signed)   Harry S. Silverstein.

O. K.

J. A. Ownbey.

Defendant continued to perform services till December, 1918, and then, while the litigation was unfinished, with Ownbey's consent, withdrew entirely from his employ.

The plaintiff throughout the trial insisted that this letter was a contract and conclusively fixed the terms of the understanding between the parties concerning the Wootton and Delaware litigations, but the court was of the opinion that it was a mere extra-judicial admission, on the part of the defendant, that such were the terms of the understanding between him and his employer, and so subject to variation by oral testimony. In this we think the court was in error. On its face the document was given as a statement of the terms of the understanding between the parties. There is no difference in our judgment between a written contract and a statement in writing of the terms of a contract. In either case the writing is but the expression and evidence of the mutual understanding of the parties, which is the real contract. *"Know all men* by these presents," that we have agreed thus and so. "This Indenture *Witnesseth*" our contract. In either case the only questions are, Was the writing intended to state the terms of the contract? and, What transaction or transactions does it cover? Of what it covers it is conclusive. The letter itself shows and says that it states the terms of the contract and covers the Wootton and Delaware litigations. Upon these matters, therefore, each side is concluded by it.

A more difficult question is whether the error is prejudicial; but an examination of the record, especially the colloquies between counsel and the court and the instructions given and refused, convinces us that it is. Throughout the trial the court went upon the theory that this letter was not a contract and left to the jury the question of what the

contract was.   A large amount of evidence was introduced as to the value of the services of the defendant in respect to the Wootton and Delaware litigations.   This evidence was relevant and competent, because the contract had been abandoned by the parties and therefore the defendant could only recover, upon an implied contract, the reasonable value of the services performed, as the court correctly instructed. *Simmons v. Lawrence Duck Co.*, 133 Mass. 298; *Marcotte v. Beaupre*, 15 Minn. 152.   See also *Cody v. Raynaud*, 1 Colo. 272, 277.   The court moreover correctly instructed the jury that such recovery by the defendant could not exceed the contract price for the whole work had it been completely performed, and so, since the court left it to the jury to say what the terms of the express contract were, instead of directing them to the terms of the letter, the instructions gave a wrong basis for computation of the defendant's damages, to the prejudice of plaintiff.

It is urged that the plaintiff did not except to these instructions.   It is true he did not formally do so, but he stated clearly to the court his objection to them on this particular point and offered instructions thereon, to the refusal of which he duly excepted and thus raised the same question.

Defendant claims that during the period of his employment he performed services of various kinds not included in the litigation mentioned in his letter.   For these, of course, he should recover reasonable compensation.

The judgment should be reversed and the cause remanded for new trial.

MR. JUSTICE ALLEN sitting for MR. JUSTICE SCOTT.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE ALLEN concur.