**BURROUGHS CORPORATION, a Michigan Corporation, Appellant,**

v.

**ROCKY MOUNTAIN PRESTRESS, INC., a Colorado Corporation, Appellee.**

No. 186–68.

United States Court of Appeals, Tenth Circuit.

Sept. 18, 1970.

**1186**

George L. Vamos, Denver, Colo. (Zall & Zall, and Hemminger, McKendree, Vamos & Elliott, Denver, Colo., with him on the brief), for appellant.

Wesley H. Doan, of Yegge, Hall & Evans, Denver, Colo., for appellee.

Before SETH, Circuit Judge, FAHY, Senior Circuit Judge *, and HOLLO-WAY, Circuit Judge.

## PER CURIAM.

This action was commenced in the United States District Court for the District of Colorado by the Burroughs Corporation against Rocky Mountain Prestress, Inc. On June 24, 1966, Burroughs delivered a computer to Rocky Mountain pursuant to the terms of a purchase order signed by Rocky Mountain on March 30, 1966. Upon delivery, Rocky Mountain installed the computer in an office trailer which was adjacent to a concrete building which it used for carpentry and welding operations.

Subsequent to the delivery of the computer, Burroughs, Rocky Mountain, and Lease Finance Company entered into negotiations whereby Rocky Mountain would lease the computer from the Lease Finance Company. Arrangements for the lease or sale of the computer were never finally agreed upon.

On February 13, 1967, a fire broke out in the building housing Rocky Mountain's carpentry and welding operations. The computer, in the adjoining trailer, was totally destroyed by the smoke and soot produced by the fire. Rocky Mountain introduced evidence showing its attempts to control the fire and to move the trailer.

Burroughs' first claim for relief was based on the purchase order, but the trial court found that the parties had never intended to enter into a contract for the sale and purchase of the computer. The purchase order was signed only for the purpose of effecting delivery of the machine and on appeal Burroughs has abandoned any claim based thereon.

In Burroughs' remaining claim for relief, it urged that a bailment existed for the benefit of both parties and that the computer was destroyed as a result of the negligence of Rocky Mountain. The trial court found concerning this claim:

> "Assuming that the possession of the computer, at the time of the filing, did in fact constitute a bailment, the evidence does not justify a finding that the plaintiff [sic] was negligent in its operations at the plant, and that such negligence was the proximate cause of the fire which in turn resulted in the damage to the computer."

■ The record demonstrates, as appellant contends, that the legal relationship created between the parties was that of bailor-bailee. It is also clear that

---

* Of the District of Columbia Circuit, sitting by Designation.

under Colorado law to establish a prima facie case the bailor need only show that the goods were delivered to the bailee in good condition and that the bailee returned the goods in a damaged condition. Nutt v. Davison, 54 Colo. 386, 131 P. 390, 44 L.R.A.,N.S., 1170. Thus once the bailor has established these facts, it is incumbent on the bailee to come forward with evidence to show that the goods were returned in good condition or that there exists some acceptable explanation as to why they were returned in a damaged condition. Bankers Warehouse Co. v. Bennett, 148 Colo. 323, 365 P.2d 889.

In the instant case Burroughs as plaintiff went further than necessary under Colorado law and showed that the damage to the computer was the result of a fire. To the extent that Burroughs proved the cause of the damage, it carried Rocky Mountain's burden of going forward with evidence showing that the damage was caused in some accidental manner. A party may be relieved of a burden imposed on it by the fact that the necessary proof is introduced by the adversary. Van Sant v. American Express Co., 169 F.2d 355 (3d Cir.).

Once sufficient evidence was introduced to show lack of negligence by Rocky Mountain as to the cause of the fire damage, as was done, Burroughs had the burden of proving Rocky Mountain's negligence. The Supreme Court of Colorado said in Hipps v. Hennig, 447 P.2d 700, 701:

"* * * [T]he rule is clear in Colorado that once goods are delivered in good condition to a warehouseman who accepts them, but cannot redeliver them, or can redeliver them only in a damaged condition, a presumption of negligence on the part of the warehouseman arises, and the burden of going forward with evidence to rebut that presumption rests on the warehouseman. *There is, however, no shift in the burden of proof, which still remains with the plaintiff.*" (Emphasis added).

As we view the record and the applicable Colorado law in this case there is adequate support for the trial court's finding that the computer was not destroyed as a result of Rocky Mountain's negligence. The trial court's findings of fact will of course not be disturbed on appeal unless they are clearly erroneous. Davis v. Cities Service Oil Co., 420 F.2d 1278 (10th Cir.).

Affirmed.