**In the Matter of the ESTATE OF Charles A. REID, Jr., Deceased.**

**Faye REYNOLDS, Heir-Appellant,**

v.

**CROSS, GADDIS, KIN & QUICKSALL, Lien Claimants-Appellees.**

**No. 81CA0726.**

Colorado Court of Appeals,
Div. III.

Nov. 23, 1983.

Rehearing Denied Dec. 15, 1983.

Certiorari Denied May 7, 1984.

Gillespie & Hamel, P.C., Fred M. Hamel, Littleton, Morton McGinley, Colorado Springs, for heir-appellant.

Cross, Gaddis, Kin & Quicksall, P.C., Larry R. Gaddis, Colorado Springs, for lien claimants-appellees.

TURSI, Judge.

Faye Reynolds, daughter of the decedent Charles A. Reid, Jr., appeals the trial court's attorney's fee award of a one-sixth interest as tenant in common in an asset in her father's estate based upon a fee agreement between her and Cross, Gaddis, Kin & Quicksall (law firm). We affirm.

Decedent died on March 6, 1976, having executed in 1968 a will leaving his entire estate to his mother and a 1974 will leaving a life estate to his mother and the remainder to his son. Reynolds was not a beneficiary under either will. She retained the law firm to object to the probate of both wills. The parties originally negotiated an hourly fee agreement. Shortly before trial, because of late endorsement of additional adverse witnesses, the parties renegotiated the fee arrangement to provide for a one-third contingent fee based upon the ultimate recovery obtained for Reynolds. She was credited with the money previously paid under the hourly rate agreement.

Reynolds' objections to probate of both wills were sustained and both wills were denied probate. Reynolds was awarded half interest in the estate with her brother. The proponents appealed to this court which, in an unpublished opinion, upheld the ruling of the trial court.

A promissory note secured by a deed of trust on certain real property was the only substantial asset of the estate. Subsequent to the original trial and appeal in this matter, a foreclosure on this property was commenced by the administrator of the es-

tate. The estate obtained title to the entire property by default and thereby substantially increased the value of the estate.

Reynolds, relying on *Anderson v. Kenelly,* 37 Colo.App. 217, 547 P.2d 260 (1975), claims that enforcing the contingent fee contract in this case results in an unconscionable, unreasonable, and unfair result. We disagree. When the law firm first learned of Reynolds' dissatisfaction with the fee agreement, it offered to handle the entire matter, including the appeal, under the one-third fee agreement, and also offered to arbitrate the fee dispute before the fee dispute committee of the local bar association. However, Reynolds, after consulting with separate counsel, decided to delay any resolution until the appeal was decided.

After the matter was remanded to the trial court, the law firm filed a motion for determination of its attorneys fees, claiming entitlement to one-third of Reynolds' award pursuant to the fee agreement or, in the alternative, sought relief on the basis of *quantum meruit.*

The same court that decided the underlying will contest heard and decided the fee dispute. The court found that the contingency agreement was openly and fairly made and that the law firm had given Reynolds full knowledge of the facts and of her legal rights before the agreement was made. It also found and concluded that the agreement was supported by adequate consideration and that the services contracted for were fully performed. Applying the rule of *Bryant v. Hand,* 158 Colo. 56, 404 P.2d 521 (1965), it concluded, that even under the test of *quantum meruit,* the law firm had met its burden of proof in this regard and that the fee was reasonable.

Here, the trial court properly exercised its general supervisory power over attorneys as officers of the court and did carefully scrutinize the contingent fee agreement. It determined the reasonableness of its terms pursuant to the direction of *Anderson v. Kenelly, supra.*

The trial court's findings of fact are supported by the record and its conclusion of law is correct. Therefore, we shall not disturb the judgment upon review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Order affirmed.

STERNBERG and BABCOCK, JJ., concur.