**Craig A. MURDOCK, Plaintiff–Appellee and Cross–Appellant,**

v.

**Albert COHEN, Defendant–Appellant and Cross–Appellee.**

No. 85CA0834.

Colorado Court of Appeals,
Div. I.

April 7, 1988.

Rehearing Denied May 19, 1988.

Certiorari Denied Oct. 11, 1988.

Eugene Deikman, P.C., Eugene Deikman, Denver, for plaintiff-appellee and cross-appellant.

La Fond & Evangelisti, John S. Evangelisti, Karen V. Hendrick, Denver, for defendant-appellant and cross-appellee.

PIERCE, Judge.

Defendant, Albert Cohen, appeals the trial court judgment entered in favor of plaintiff, Craig Murdock. Plaintiff cross-appeals the trial court's award of prejudgment interest. We affirm in part and reverse in part.

The facts in this case are hotly disputed. However, if we view the evidence in the

light most favorable to the judgment, the record shows the following scenario.

In 1976, defendant, an attorney, was hired by one Billy Lewis (Lewis) to prepare a defense to charges brought against Lewis and his business, Allied Research (Allied). Defendant then hired plaintiff, also an attorney, to assist in the defense.

Much of the controversial testimony centered around the length of plaintiff's employment and the fee arrangement between the parties. Defendant testified that plaintiff was hired only for a limited purpose and a limited period of time, and thereafter, plaintiff remained on the case officiously in hope of recovering corporate assets which had been seized. Plaintiff, on the other hand, testified that he and the defendant were co-counsel for Lewis and Allied.

After spending hundreds of hours of work on the defense of Lewis and Allied, plaintiff was informed by defendant that Lewis was unable to pay attorney fees. Plaintiff then told Lewis that he would have to withdraw from the case because attorney fees had not been provided. At that time, plaintiff learned that Lewis had tendered both $20,000 and the equity in his house to defendant in payment for attorney fees.

Thereafter, plaintiff brought this action against defendant seeking compensation for the hours spent on the case. Several theories of recovery were advanced, but after trial to the court, plaintiff was awarded damages based upon *quantum meruit*. The trial court found that although there was no express contract, each element of unjust enrichment had been proved, and therefore, plaintiff was entitled to compensation for the 250 hours spent on the defense at a rate of $75 per hour, plus interest.

The trial court later amended the judgment to reflect amounts defendant had paid plaintiff during the course of the representation. Also, the judgment was amended to award plaintiff prejudgment interest at a rate of 8% per annum from a date the court determined that payment had been wrongfully withheld. However, the court declined to award annually compounded interest.

## I.

Defendant first contends that the trial court erred in awarding plaintiff a judgment based upon *quantum meruit*. We disagree.

In order to recover under the theory of *quantum meruit*, a plaintiff must show that: (1) a benefit was conferred on defendant by plaintiff; (2) the benefit was appreciated by defendant; and (3) the benefit was accepted by defendant under such circumstances that it would be inequitable for it to be retained without payment of its value. *See Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n,* 649 P.2d 1093 (Colo.1982).

Here, the record supports an award based upon *quantum meruit*. Plaintiff's testimony established that he was retained by defendant in order to aid and assist in the defense of Lewis. There was testimony that defendant specifically told plaintiff not to discuss any fee arrangements with Lewis because Lewis was the defendant's client. There was further testimony that, prior to completion of the case, defendant received $20,000 from Lewis and did not inform plaintiff of that payment. Under these circumstances, we find no error in the award of the trial court.

We find no merit to the contention that because Lewis was the primary beneficiary of plaintiff's services, no benefit was conferred upon defendant.

A benefit is conferred when a person performs services beneficial to or at the request of another. The term benefit denotes any form of advantage. *See Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n, supra.*

There is no question that a benefit was bestowed upon defendant by plaintiff's services. The trial court specifically found that plaintiff had performed services beneficial to defendant in assisting in the defense of Lewis and Allied. The sole fact that Lewis also received a benefit from

plaintiff's services does not preclude the conferring of a benefit upon defendant.

## II.

 Defendant also contends that the trial court erred in awarding prejudgment interest from the date of the wrongful withholding because a claim for damages based upon *quantum meruit* is an unliquidated claim.

We agree that prior to July 1, 1979, prejudgment interest on an unliquidated claim, such as *quantum meruit*, generally was not allowable under Colorado law. *See Dexter v. Collins*, 21 Colo. 455, 42 P. 664 (1895); *see Davis Cattle Co. v. Great Western Sugar Co.*, 393 F.Supp. 1165 (D.Colo.1975), *aff'd*, 544 F.2d 436 (10th Cir. 1976), *cert. denied*, 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977).

However, effective July 1, 1979, the statute governing prejudgment interest was amended to provide that:

"Interest shall be allowed in subsection (1) of this section even if the amount is unliquidated at the time of wrongful withholding or at the time when due."

Section 5–12–102(3), C.R.S. (1987 Cum. Supp.).

Here, the trial court determined that defendant had wrongfully withheld plaintiff's money on March 22, 1979. Because judgment was entered after the effective date of the amendment, prejudgment interest should be awarded from July 1, 1979, to the date judgment was entered. *See Great Western Sugar Co. v. Northern Natural Gas Co.*, 661 P.2d 684 (Colo.App.1982), *aff'd sub nom. KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo. 1985), *cert. denied*, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985); § 5–12–102(1)(a), C.R.S. (1987 Cum.Supp.). For the period of wrongful withholding before July 1, 1979, prejudgment interest should not be allowed. *See Yeager Garden Acres, Inc. v. Summit Construction Co.*, 32 Colo.App. 242, 513 P.2d 458 (1973).

Also, we agree with plaintiff's contention on cross-appeal that the interest should be compounded annually in conformity with the July 1, 1979, amendment to § 5–12–101, C.R.S. (1987 Cum.Supp.). *See Thirteenth Street Corp. v. A–1 Plumbing & Heating Co.*, 640 P.2d 1130 (Colo.1982).

Accordingly, the judgment of the trial court finding defendant liable under *quantum meruit* is affirmed in all respects except as to the award of prejudgment interest, and the cause is remanded with directions to recalculate the prejudgment interest by awarding plaintiff 8% per annum on the amount wrongfully withheld from July 1, 1979, until the date judgment was entered, compounded annually.

CRISWELL and HUME, JJ., concur.