LAW OFFICES OF J.E. LOSAVIO,
JR., Plaintiff–Appellant,

v.

LAW FIRM OF MICHAEL W.
McDIVITT, P.C., Defendant–
Appellee.

No. 92CA1318.

Colorado Court of Appeals,
Div. II.

Nov. 15, 1993.

Law Offices of J.E. Losavio, Jr., J.E. Losavio, Jr., Pueblo, for plaintiff-appellant.

Law Firm of Michael W. McDivitt, P.C., Michael W. McDivitt, Colorado Springs, for defendant-appellee.

Opinion by Judge NEY.

This action involves a dispute between attorneys over a contingency fee. Plaintiff, the Law Offices of J.E. Losavio, Jr. (Losavio), appeals from an order of the trial court confirming the apportionment of the fee between Losavio and the defendant, the law firm of Michael W. McDivitt (McDivitt), in accordance with the findings and order of the probate magistrate. We reverse and remand for additional findings.

The client in the underlying action, Christopher A. Arguello, employed counsel to represent him after he sustained injuries in a traffic accident. His counsel withdrew during the initial phase of trial preparation, and McDivitt took the case over pursuant to a one-third contingent fee agreement. The claims of the first attorney are not at issue in this matter.

McDivitt continued to prepare the case and, in the month prior to the date of trial, received a settlement offer from the opposing side in the amount of $300,000. At that time, the client exhibited paranoid behavior and made violent threats to several of the individuals associated with the case. His actions prompted the opposing side to file a Suggestion of Incompetency which put into question the client's capacity to accept an offer of settlement. McDivitt also moved for appointment of a legal representative. A guardian ad litem was appointed and the trial court subsequently approved the settlement.

Shortly thereafter, the client discharged McDivitt and retained Losavio pursuant to a contract for hourly fees related to the resolution of his status as a protected person and a one-third contingency fee agreement for any recovery in the personal injury action. Losavio entered an appearance for the client and filed a motion to set aside the settlement, contending that the client was competent and that the proceedings determining his incapacity were procedurally deficient. The trial court agreed that the proceedings were flawed, but did not enter a finding as to the client's competency. It ordered that the settlement offer could be withdrawn and directed the parties to reset the matter for trial.

A second settlement offer of $300,000 was made several months later. The offer was accompanied by the filing of a motion for protective orders and for the appointment of a conservator. Upon approval of the parties, the trial court granted the motions and appointed a conservator. The conservator filed a report recommending that the offer be approved. Losavio then filed a motion for approval of the settlement. The trial court granted its approval and the personal injury action was dismissed. However, the trial court retained jurisdiction in the conservatorship case to determine the issues surrounding the distribution of the contingency fee.

The matter was referred to the probate magistrate and an evidentiary hearing was conducted. McDivitt and Losavio both stipulated that their combined claims to the contingent fee were limited to $100,000. The magistrate apportioned the fees based on the ratio of costs advanced by each attorney which resulted in an award to Losavio of $18,000 and $82,000 to McDivitt. The trial court confirmed the magistrate's order and this appeal followed.

## I.

Losavio seeks reversal of the fee division arguing that the magistrate erred by apportioning the fee based only on the costs advanced by each attorney. We agree with that contention and further hold that this matter must be remanded for additional findings on several issues not considered in the original order.

■ An attorney who withdraws for justifiable reason or is terminated by a client without cause is entitled to compensation for the services rendered. *Jenkins v. District Court,* 676 P.2d 1201 (Colo.1984).

Recovery in such instances is based on the theory of quantum meruit. *Lane v. Gooding,* 69 Colo. 216, 193 P. 670 (1920). *See People v. Radinsky,* 182 Colo. 259, 512 P.2d 627 (1973). *See also* Annot., *Limitation to Quantum Meruit Recovery of Attorney Fees,* 92 A.L.R.3d 690 (1979); and 1 S. Speiser, *Attorneys' Fees* § 4:36 (1973).

■ To establish a claim for quantum meruit, it must be shown that: (1) a benefit was

conferred by one of the parties on the other; (2) the benefit was appreciated by the receiving party; and (3) the benefit was accepted under circumstances making it inequitable for the benefit to be retained without payment of its value. *Murdock v. Cohen,* 762 P.2d 691 (Colo.App.1988).

In the case of a dispute between attorneys, it is of no consequence that the client is the primary beneficiary of the legal services. *Murdock v. Cohen, supra.*

■ Under a court's general supervisory power over attorneys as officers of the court, attorney fee contracts are subject to scrutiny for the reasonableness of their terms. *Anderson v. Kenelly,* 37 Colo.App. 217, 547 P.2d 260 (1975).

■ The following factors provide a basis for a court's evaluation of whether attorney fees are reasonable:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Colorado Rules of Professional Conduct Rule 1.5 (effective January 1, 1993). *See also* Code of Professional Responsibility DR 2–106 (in effect during the times pertinent here).

The same factors are also to be considered when determining the reasonable value of an attorney's services for recovery based on quantum meruit. 1 S. Speiser, *Attorneys' Fees* § 8:2 (1973). *See also People v. Nutt,* 696 P.2d 242 (Colo.1984); *In re Marriage of O'Brien,* 759 P.2d 826 (Colo.App.1988); and Annot., *Amount of Attorneys' Compensation in Absence of Contract or Statute,* 57 A.L.R.3d 475 (1974).

■ By relying on the proportion of costs advanced, the magistrate's order presumes, without any analysis, that the combined award for both attorneys should equal $100,-000, which sum reflects application of each contingency agreement to the total recovery of the client. However, although the existence of a contingency fee contract may be one of the factors considered in the calculation of a quantum meruit recovery, *see Annot., supra,* 57 A.L.R.3d at 535, it is otherwise undeterminative of the total amount awarded except insofar as it sets the maximum permitted. *Ownbey v. Silverstein,* 69 Colo. 325, 194 P. 607 (1921); *Joyce v. Elliott,* 857 P.2d 549 (Colo.App.1993). *See also Levin v. Rosenberg,* 372 So.2d 956 (Fla.Dist.Ct. App.1979), *aff'd,* 409 So.2d 1016 (Fla.1982) (quantum meruit recovery for any attorney wrongfully discharged is limited to an amount not to exceed the original contract sum if the validity of the original contract is not disputed.)

The magistrate's order indicates, without stating expressly, that the recovery for both McDivitt and Losavio was predicated on quantum meruit. We recognize that the situation presented here is not analogous to that at issue in *Joyce v. Elliott, supra,* wherein a panel of this court held that an attorney who voluntarily withdrew prior to the completion of the client's case was not entitled to recover attorneys' fees based on *quantum meruit* since the parties' contingent fee contract neither authorized the attorney's withdrawal nor advised the client he would be liable for the value of the attorney's services. Here, the attorney did not voluntarily withdraw.

On remand, the trial court must enter a specific finding identifying the exact basis for any recovery that might be awarded Losavio for services in the personal injury case. If it is determined that Losavio is due recovery based on quantum meruit, and not based on the contingency contract, then the amount awarded both attorneys should reflect only

the value of his services. Hence, the total recovery ultimately awarded may or may not reach the $100,000 limit fixed by the contingency fee contracts.

The division of fees entered here also does not fully account for a separation of the services performed by Losavio under each of his contracts with the client. In his order, the magistrate raises the possibility that Losavio is entitled to fees under the hourly conservatorship contract. The record also supports the magistrate's conclusion that the bulk of Losavio's efforts and the primary benefit to the client resulted from the work done under that hourly contract. Additionally, Losavio's own time records substantiate the magistrate's finding that the only services rendered in the personal injury action which were significant were those aimed at obtaining court approval of the settlement.

However, although the magistrate did take note of the total fee billings for each case submitted by Losavio, he did not specify which services were properly attributed to the personal injury action. A finding in that regard is critical to a proper allocation of fees in this case to ensure that any recovery awarded to Losavio does not include compensation for services more appropriately charged under the hourly conservatorship contract.

Finally, while we are unpersuaded by Losavio's assertion that his time records alone are sufficient to establish the amount of recovery to which he is entitled, we do consider the calculation of fees employed here inadequate because of the failure to account at all for the time expended or rate charged by either attorney.

The weight given the various factors that measure the reasonableness of an attorney fee differs depending upon the circumstances of each particular case and no one factor is determinative. However, reasonable time at a reasonable rate are generally regarded as the foundation for any recovery based on quantum meruit. *See Annot., supra,* 57 A.L.R.3d at 480–95.

The magistrate's reluctance to base any recovery on time may be related to the finding that many of Losavio's recorded hours were spent in meetings with the client, his family, or "in-house" staff and did not significantly move the personal injury case forward. That finding is supported by the record. Nevertheless, by failing in some fashion to consider each attorneys' hours expended and rate, the order does not reflect consideration of all factors which constitute the actual value of their respective services. Thus, on remand, we direct the trial court to give consideration to all factors in its recalculation of attorneys' fees although we agree that time and rate alone, may not be determinative.

## II.

Losavio also contends that McDivitt did not present sufficient evidence to support any recovery because his time records were reconstructed from memory. We perceive no error in this regard.

■ The reconstruction of time records from memory is not favored by the law because it poses the danger of overstatement or understatement. *See Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983). However, such records are not *ipso facto* improper, *see People ex rel. Gallagher v. Hertz,* 198 Colo. 522, 608 P.2d 335 (1979), and the fact that McDivitt's were not contemporaneous simply bears on the weight they should be given.

## III.

■ We, likewise, reject Losavio's contention that McDivitt should be precluded from any recovery because he was responsible for the procedural flaws that rendered the first incompetency proceeding invalid. It is evident from the record that the flawed procedures initially utilized could have been cured without a reopening of the personal injury case. Further, there is more than adequate evidence in the record to support the magistrate's final conclusion that McDivitt's task was far greater than Losavio's in every dimension.

The order is reversed, and the cause is remanded for additional findings and an appropriate order consistent with this opinion.

TAUBMAN, J., concurs.

STERNBERG, C.J., dissents.

Chief Judge STERNBERG, dissenting.

The trial court concluded that McDivitt's efforts were substantially responsible for obtaining the settlement and, conversely, that Losavio's contribution was minimal. There is ample evidentiary support for these conclusions. They support the fee division; thus, in my view, we err in not affirming the judgment.

My review of the record persuades me that Losavio's services were quite generously compensated for by the $18,000 he was awarded. I find it difficult to ignore the fact that the amount for which the case eventually settled was identical to that negotiated by McDivitt before Losavio had any involvement. Indeed, as time went by, because of his deteriorating mental state, the plaintiff was becoming a less and less attractive litigant; thus, he was fortunate that the $300,-000 offer remained on the table.

Arguably, as the majority notes, in arriving at his conclusion, the magistrate placed too much emphasis on the sums advanced by each attorney for costs in dividing the fees. Nevertheless, the conclusion as to who did the most significant work in reaching the settlement finds ample support in the record. *City of Littleton v. Employers Fire Insurance Co.,* 169 Colo. 104, 453 P.2d 810 (1969). (A judgment is presumed to be correct, and the findings of the trial court are conclusive if supported by the evidence.)

Indeed, in my view, the record would support an award of the $100,000 attorney fee to McDivitt, leaving Losavio to pursue his action against the client for recovery based upon his hourly contract. However, no cross-appeal having been filed in this case, I would simply affirm the judgment.