**Alev BEESON, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE of Colorado and Marshall A. Fogel, Respondents.**

**No. 96CA0884.**

Colorado Court of Appeals,
Div. III.

Jan. 9, 1997.

Rehearing Denied Feb. 27, 1997.

Certiorari Denied Sept. 8, 1997.

Suzanne Harvey Lynch, Denver; Stuart G. Barr, Denver, for Petitioner.

Fogel, Keating, Wagner, Polidori, Shafner, Struthers & Heron, P.C., Marshall A. Fogel, Kristin D. Sanko, Denver, for Respondent Marshall A. Fogel.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROTHENBERG.

Claimant, Alev Beeson, seeks review of an order of the Industrial Claim Appeals Panel denying her request for reimbursement of attorney fees. We affirm.

The basic facts are undisputed. After claimant suffered a compensable injury in November 1989, she retained respondent Marshall A. Fogel, an attorney, to represent her on her compensation claim. No written agreement was signed, but she orally agreed to a 20 percent contingency fee.

In 1992, while represented by Fogel, claimant entered into a full settlement of her workers' compensation claim for $45,000, which was approved by the Division of Workers' Compensation. Fogel received $8,993 in fees and claimant received $33,172.

In 1994, then represented by another attorney, claimant sought to reopen her claim on the grounds of error or fraud, and she also requested recovery of the fees she previously had paid Fogel. The Administrative Law Judge (ALJ) denied both requests, concluding *inter alia* that because Fogel and the claimant had an oral agreement for attorney fees, he was justified in keeping the fees paid to him.

The Panel affirmed both orders. Applying a different analysis than that employed by the ALJ, the Panel determined the attorney fees issue was controlled by the Rules Governing Contingent Fee Agreements. Specifically, C.R.C.P. ch. 23.3. makes contingent fees unenforceable unless there is substantial compliance with the rules. Because there had been no such compliance here, the Panel ruled that the ALJ had erred in denying

claimant recovery of the fees based on an oral fee agreement.

However, it affirmed the order denying recovery of the attorney fees on an alternative ground, concluding that: (1) Fogel could have recovered fees based on *quantum meruit* even in the absence of an express fee agreement; (2) there was substantial evidence supporting the ALJ's conclusion that Fogel's fee reflected the reasonable value of his services; and (3) Fogel therefore was not required to return the fees to claimant.

Claimant now seeks review only from the order denying her claim for recovery of attorney fees.

## I.

■ Claimant contends that Fogel's fees constituted an unlawful contingent fee in violation of C.R.C.P. ch. 23.3, and that, as a matter of law, they must be disgorged and returned to claimant. We disagree.

Recovery of attorney fees under an express contingency is limited by C.R.C.P. ch. 23.3. governing contingency fee agreements. *See also* Colorado Rules of Professional Conduct Rule 1.5 ("A contingent fee shall meet all of the requirements of Chapter 23.3 of the Colorado Rules of Civil Procedure. . . .")

Under C.R.C.P. ch. 23.3 Rule 1, a "contingent fee agreement" is defined as a written agreement, and C.R.C.P. ch. 23.3 Rules 5(d) and 6 specifically limit recovery to the contingencies enumerated in the agreement.

Because it is undisputed that Fogel and the claimant had no written agreement and Fogel thus did not substantially comply with C.R.C.P. ch. 23.3., we agree with the Panel that the contingent fees cannot be justified based on an oral contract. The ALJ erred in ruling otherwise.

■ The remaining issue is whether Fogel's fee must be disgorged because the contract on which they were based did not comply with C.R.C.P. ch. 23.3, or whether they can be justified based on *quantum meruit.* We agree with the Panel that the fees could be justified on such a basis and that, therefore, claimant was not entitled to recovery of the fees. *See generally EarthInfo, Inc. v.*

*Hydrosphere Resource Consultants, Inc.,* 900 P.2d 113 (Colo.1995) (discussing disgorgement principles).

■ An attorney who withdraws for a justifiable reason or is terminated by a client without cause is entitled to compensation for the services rendered. Recovery in such instances may be based on the theory of *quantum meruit. Cf. Elliott v. Joyce,* 889 P.2d 43 (Colo.1994) (C.R.C.P. ch. 23.3 Rule 5(d) and Rule 6 do not prohibit *per se quantum meruit* recovery, but limit it to situations in which the contingent fee agreement specifically sets forth circumstances under which client will be liable). *See also Law Offices of J.E. Losavio, Jr. v. Law Firm of Michael W. McDivitt, P.C.,* 865 P.2d 934 (Colo.App.1993).

Contrary to claimant's contention, *Elliott v. Joyce, supra,* does not require disgorgement of the attorney fees as a matter of law. Importantly, Fogel was not seeking unpaid fees after having been terminated by claimant for good cause. Nor did he unilaterally withdraw while claimant's matter was pending. Rather, he performed the requested services and the matter was fully resolved. It was only thereafter that claimant regretted her decision to enter into the settlement agreement and, two years later, unsuccessfully sought to reopen the matter.

■ To recover under the theory of *quantum meruit,* an attorney must show that a benefit was conferred, appreciated, and accepted by the client under such circumstances that it would be inequitable for the benefit to be retained without payment of its value. *Murdock v. Cohen,* 762 P.2d 691 (Colo.App.1988).

■ Various factors measure the reasonableness of the attorney fee, and the weight given to any factor depends on the circumstances of each case. No one factor is determinative. The existence of a contingency fee contract is determinative only to the extent that it sets the maximum amount permitted. *Law Offices of J.E. Losavio, Jr. v. Law Firm of Michael W. McDivitt, P.C., supra.*

Here, the ALJ found several factors pertinent in determining the reasonableness of

Fogel's fees, including but not limited to the time and labor involved, the results obtained, and the nature and the length of his professional relationship with claimant.

Under these circumstances, we conclude the Panel did not err in determining that *Elliott v. Joyce, supra,* was inapposite, and in applying *quantum meruit* to uphold the ALJ's order denying claimant's request for recovery of attorney fees paid to Fogel.

## II.

Claimant next asserts there was insufficient evidence in the record to justify Fogel's retention of the fees based on *quantum meruit.* However, because there is record support for the ALJ's finding of reasonableness of the fees, the Panel did not err in concluding they were so justified. *See Martinez v. Regional Transportation District,* 832 P.2d 1060 (Colo.App.1992); *see also Houdek v. Mobil Oil Corp.,* 879 P.2d 417 (Colo.App. 1994) (reasonableness of attorney fees is a question of fact and factfinder's resolution of the issue will be upheld unless patently erroneous).

Order affirmed.

JONES and BRIGGS, JJ., concur.