Jo Ann MONDAY, Plaintiff–Appellant,

v.

**ROBERT J. ANDERSON, P.C.**
**and Robert J. Anderson,**
**Defendants–Appellees.**

No. 02CA1080.

Colorado Court of Appeals,
Div. II.

May 22, 2003.

Certiorari Denied Oct. 14, 2003.

Robert Dunlap, Colorado Springs, Colorado, for Plaintiff–Appellant.

Farry & Rector, LLP, Edward T. Farry, Jr., Colorado Springs, Colorado, for Defendants–Appellees.

Gaddis, Kin & Herd, P.C., Thomas J. Herd, Colorado Springs, Colorado, for Amicus Curiae Colorado Trial Lawyers Association.

Opinion by Judge CARPARELLI.

In this action to recover attorney fees paid on a contingent fee contract, the client, plaintiff Jo Ann Monday, appeals a judgment entered in favor of her attorney, defendant Robert J. Anderson and his law firm, Robert J. Anderson, P.C. We affirm.

Attorney represented client pursuant to a contingent fee agreement under which attorney was to receive one-third of any amount client recovered as damages arising from an automobile accident. Client's claim was settled for $50,000 in cash and $50,000 in the form of an annuity. Attorney retained $33,333.33 as his fee.

Client then filed this lawsuit seeking recovery of "money had and received" by attorney on the basis that the fee was "unreasonable." Client requested a jury trial and did not ask the trial court to review the fee under its supervisory authority. *See Anderson v. Kenelly,* 37 Colo.App. 217, 547 P.2d 260 (Colo. App.1975).

Prior to trial, the court ruled that because the legal sufficiency of the fee agreement was undisputed, client had "the burden of coming forward with a prima facie showing that she is entitled to return of monies paid." However, the court further ruled that the risk of nonpersuasion, or the ultimate burden of persuasion, was on attorney "to show the services performed were reasonably worth the amount in the agreement."

■ At trial, client testified that attorney represented her and that, under their contingent fee agreement, attorney withheld approximately $33,000 as fees. Client did not testify that she thought the fee was unreasonable or that she asked attorney to reduce the fee. Although she described various services attorney performed on her behalf, she presented no evidence regarding the reasonable worth of those services.

After client rested, the court entered a directed verdict in favor of attorney. The court ruled that client did "not establish a prima facie case with regard to a claim for damages or return of money." The court determined that:

> I have viewed all the evidence that's been presented in the light most favorable to [p]laintiff with regard to this specific cause of action and ... while, as I said, there was a substantial amount of dissatisfaction ... I am not satisfied there's prima facie evidence under this cause of action.

Client contends that the trial court erred when it ruled that she was required to present a prima facie case that attorney's fee was unreasonable. Specifically, client argues that, because it was attorney's ultimate burden to prove reasonableness, she was only required to prove that attorney had represented her and that he charged her $33,333.33. We disagree.

■ At trial, the plaintiff must present a prima facie case, which is defined as "the evidence necessary to require defendant to proceed with his case." *E.E.O.C. v. Avery Dennison Corp.,* 104 F.3d 858, 861 (6th Cir.1997)(citing *Black's Law Dictionary* 1190 (6th ed.1990)); *see also Am. Ins. Co. v. Naylor,* 101 Colo. 34, 70 P.2d 349 (1937); *Montes v. Hyland Hills Park & Recreation Dist.,* 849 P.2d 852, 853 (Colo.App.1992)(when "there is no basis upon which a verdict in

favor of the plaintiff may be supported as a matter of law, it becomes the duty of the trial court to direct a verdict in favor of defendant").

■ In other words, the plaintiff must present evidence regarding each essential allegation of the complaint to demonstrate that there is some factual basis for relief before the defendant will be required to present evidence. The plaintiff bears this burden even when, as here, the defendant has the ultimate burden of persuasion regarding the reasonableness of the fees. *See* Restatement (Third) of Law Governing Lawyers § 42 cmt. c (2000)(the lawyer has the burden of persuading the trier of fact in a suit by the client for refund of a fee); *see also McKenzie Constr., Inc. v. Maynard,* 758 F.2d 97 (3d Cir.1985).

■ A plaintiff can maintain an action for money had and received whenever the defendant "has received money which, in equity and good conscience, he ought to pay over." *Spencer v. Brundage,* 69 Colo. 520, 523, 194 P. 1104, 1105 (1921)(quoting *Zang Brewing Co. v. Bernheim,* 7 Colo.App. 528, 529, 44 P. 380, 381 (1896)). For example, a person who receives money but has no right to retain it, may be required in equity to give up the money to another who has a right to it. *See Mumford v. Wright,* 12 Colo.App. 214, 55 P. 744 (1898), *overruled on other grounds by Publix Cab Co. v. Colo. Nat'l Bank,* 139 Colo. 205, 338 P.2d 702 (1959).

Here, client presented testimony regarding her injuries, medical expenses, impairment, and related expenses. At best, this evidence might imply that attorney owed her a moral duty to give up some of his fee. However, because there was a written fee agreement, client could not prevail absent some evidence that the fee provided for in the agreement was legally improper or inequitable, or that attorney withheld more than the amount provided for in the agreement. Contrary to this requirement, client presented no evidence that would tend to show that attorney's fee was unreasonable, that his services were lacking, or that she had requested that he reduce the fee.

As the party seeking relief, client was required to present evidence regarding each allegation that was essential to state her cause of action. Only after she presented such evidence would attorney be required to respond and attempt to carry his burden of persuasion. *See generally People v. Heilman,* 52 P.3d 224 (Colo.2002); *Blesch v. Denver Publ'g Co.,* 62 P.3d 1060 (Colo.App.2002)(discussing the burden of going forward on the party seeking modification).

In support of her argument that her evidentiary burden did not require proof of unreasonableness, client refers us to cases in which a plaintiff asserts a breach of fiduciary duty or a claim of negligence against a bailee. *See Burroughs Corp. v. Rocky Mountain Prestress, Inc.,* 431 F.2d 1185 (10th Cir.1970); *In re Estate of Heyn,* 47 P.3d 724 (Colo.App. 2002). We find these cases inapposite.

■ When a plaintiff asserts a breach of fiduciary duty claim and presents prima facie evidence of the existence of the fiduciary relationship and the receipt or use of trust property by the fiduciary, Colorado courts will apply a rebuttable presumption of breach to require the fiduciary to go forward with some evidence that the fiduciary's transactions regarding the property were fair and reasonable. *See In re Estate of Heyn, supra.* Such a presumption is appropriate because, in such cases, once a plaintiff establishes the existence and nature of the relationship and the fiduciary's or bailee's receipt or use of an asset on behalf of that plaintiff, the plaintiff has established that a duty is owed.

Contrary to client's argument, her claim for "money had and received" is not analogous. Here, client's evidence indicated that, when client retained attorney, she agreed that he was entitled to retain one-third of the settlement proceeds. However, she presented no evidence that she had any ownership interest in the contingency fee portion of the settlement proceeds or that attorney held that portion of the settlement for any purpose other than to satisfy her fee obligation to him.

Thus, this case is distinguishable from cases involving breaches of fiduciary duties

or negligent bailments in which plaintiffs present sufficient evidence to demonstrate an ownership interest in the property held by the fiduciary or the bailee. Here, client was obligated to present a prima facie case that included some basis upon which a jury could conclude that she had a right to the money attorney had withheld. To do so in this case, she had to present evidence that the fee agreement was unreasonable. Had she done so, attorney would then bear the burden of proving otherwise.

Accordingly, the judgment is affirmed.

Judge NEY and Judge MARQUEZ, concur.